*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELINE ARLENE BROADNAX,

      Plaintiff-Appellee,

v

CLARENCE EDWARD BROADNAX, JR.,

      Defendant-Appellant.

UNPUBLISHED
October 27, 2025
8:55 AM

No. 372707
Oakland Circuit Court
LC No. 2021-506380-DO

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals the trial court's judgment of divorce (JOD), which incorporated an arbitration award distributing the marital property and awarding spousal support to plaintiff. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties married in 1983. During the marriage, the parties purchased their marital home and a boat. Plaintiff works part-time, defendant works full-time in addition to owning and operating his own business. Defendant also receives income from managing two rental properties that were acquired during the parties' marriage. In 2021, plaintiff filed for divorce. The parties ultimately stipulated to binding arbitration on various issues, including the division of real and personal property, a valuation of defendant's business and its division, spousal support, and division of marital debt.

After several hearings, the arbitrator issued his findings, an arbitration award, and a proposed JOD. Relevant here, plaintiff was awarded the marital home while defendant received the boat and rental properties. The proposed JOD indicated that the parties were to be separately responsible for any unpaid income tax liabilities, and defendant was responsible for any tax debt related to his business. The arbitrator also determined the parties' incomes and ordered defendant to pay $2,300 monthly to plaintiff in modifiable spousal support.

Defendant moved for the arbitrator to correct errors and omissions, asserting, in relevant part, that (1) he was entitled to half of the equity of the marital home; (2) the rental properties

should not be considered marital property; (3) the boat was subject to a loan which thus required a more equitable division of the other marital property; (4) the parties should split defendants' tax debts because they accrued during the marriage; (5) plaintiff should be imputed additional income to reflect her ability to work a 40-hour week; (6) defendant did not earn income from his business; and (7) spousal support was unnecessary. Plaintiff also moved for the arbitrator to correct errors and omissions, contending that defendant's business should have been valued at a higher amount. The arbitrator denied both motions. Defendant later moved in the trial court to vacate or modify the arbitration award, claiming that the arbitrator exceeded his authority, misapplied the law, and inequitably divided the marital property. The trial court denied the motion, finding that the arbitrator did not make a discernible legal error. Defendant moved for reconsideration of the order, which the trial court denied.

Plaintiff subsequently moved for entry of the arbitrator's proposed JOD. After a hearing, the trial court entered the JOD, which was consistent with the arbitration award, and a uniform spousal support order (USSO) of $2,300 to be paid to plaintiff. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "This means that we review the legal issues presented without extending any deference to the trial court." *Id*. But "[j]udicial review of arbitration awards is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." *Id*. (citation omitted).

> Whether an arbitrator exceeded his or her authority is also reviewed de novo. A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error that is evident without scrutiny of intermediate mental indicia will suffice to overturn an arbitration award. Courts will not engage in a review of an arbitrator's mental path leading to the award. Finally, in order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different. [*Id*. at 672 (some quotation marks omitted; all brackets and citations omitted).]

## III. PROPERTY DIVISION

Defendant first argues that the trial court erred by denying his motion to vacate or modify the arbitration award because the arbitrator exceeded his authority when dividing the marital property, which resulted in an inequitable distribution of assets and debts. We disagree.

"Parties to an action for divorce . . . may stipulate to binding arbitration by a signed agreement that specifically provides for an award with respect to" certain issues, including real and personal property, spousal support, and the allocation of marital debt. MCL 600.5071(a), (e), and (h). A trial court may vacate an arbitration award if "[t]he arbitrator exceeded his or her powers. MCL 600.5081(2)(c). "[A] party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich

App at 672. At issue here is whether the arbitrator exceeded his authority by acting contrary to controlling law.

"In general, assets a spouse earns during the marriage are properly considered part of the marital estate, and thus subject to equitable division." *Reed v Reed*, 265 Mich App 131, 152; 693 NW2d 825 (2005). "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances. The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). Trial courts must consider various factors, where relevant, when addressing the disposition of marital assets. These factors include, but are not limited to the:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992).]

"[A] trial court may also consider additional factors that are relevant to a particular case. The trial court must consider all relevant factors but not assign disproportionate weight to any one circumstance." *Berger*, 277 Mich App at 717 (quotation marks and citations omitted).

Here, the parties agreed to binding arbitration to resolve the division of property and the allocation of the marital debts. Defendant does not argue that the arbitrator acted beyond the material terms of the arbitration agreement. Instead, he cursorily alleges that the arbitrator exceeded his authority by failing to apply controlling Michigan law because he did not address the *Sparks* factors when dividing the marital estate. This is incorrect. The arbitrator expressly cited *Sparks* in the arbitration award, as well as other caselaw applicable to the equitable distribution of marital property. While the arbitrator did not formally label them as belonging to *Sparks*, the award demonstrates that the arbitrator did consider these factors when dividing the marital property.

Defendant next asserts that the distribution of the marital estate was inequitable because he had no legal interest in the rental properties. But, while defendant attempts to frame this issue as a legal error, defendant's argument turns on an alleged *factual* error made by the arbitrator. "Once [this Court] is satisfied that the arbitrator applied the controlling law, our review is complete absent some error appearing on the face of the award." *Washington*, 283 Mich App at 674. We "may not review the arbitrator's findings of fact," and defendant alleges no actual error of *law* that is "discernable on the face of the award itself." *Id.* at 672.

Defendant also argues the arbitrator exceeded his authority by not factoring in an alleged debt of $64,459.92 to the valuation of the boat, leading to an inequitable property division. But defendant did not present any evidence of a boat loan during arbitration. Rather, he included a loan statement and a debt spreadsheet in his motion to correct errors and omissions, asserting that the arbitrator should reconsider the award. The arbitrator acknowledged defendant's evidence, but did not grant relief on these grounds because defendant did not provide proof of any loan or when the alleged loan originated during the arbitration proceedings. We see no legal error on the award's

face in failing to consider an alleged debt that was never proven, let alone presented, during the actual arbitration proceedings, and we "will not engage in a review of [the] arbitrator's mental path" in declining to do so when issuing the arbitration award. *Id*. (quotation marks and citations omitted).

Finally, defendant contends that the arbitrator failed to consider that he owed $190,000 toward his income tax returns from 2016 through 2021, despite the fact that the parties disclosed their income tax returns during arbitration. He argues that making him responsible for the tax returns in the judgment of divorce, but not considering it as an offset against the marital estate resulted in an inequitable windfall for plaintiff. But property distribution in divorce proceedings need not be done with mathematical precision, *Berger*, 277 Mich App at 716-717, and, again, with no discernable legal error on its face, we "will not engage in a review of [the] arbitrator's mental path" as to why the income taxes for defendant's business were not factored into the award. *Washington*, 283 Mich App at 672 (quotation marks and citations omitted). Because defendant has identified no actionable error by the arbitrator, the trial court did not err when it refused to vacate the property award.

## IV. SPOUSAL SUPPORT

Defendant next argues that the trial court erred by denying his motion to vacate or modify the arbitration award because it should have corrected the arbitrator's erroneous calculation of the parties' incomes regarding spousal support. We disagree.

"[A] trial court's decision to award spousal support is discretionary and should reflect what is just and reasonable under the circumstances of the case." *Loutts v Loutts*, 298 Mich App 21, 30; 826 NW2d 152 (2012). (quotation marks and citations omitted). "Spousal support does not follow a strict formula." *Id*. Instead, "[t]he object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Id*. at 26 (quotation marks and citation omitted).

Defendant generally argues that the arbitrator erred by (1) not imputing enough income to plaintiff,[1] (2) imputing too much income to defendant, and (3) failing to consider that plaintiff did not show, and did not have, any need for spousal support given the substantial property award she would receive in addition to her own earning capacity.[2] Defendant once again attempts to frame these alleged errors as errors of law. But they are all actually factual determinations by the

---

[1] Defendant also argues the arbitrator erred by failing to analyze the factors in the 2021 Michigan Child Support Manual in determining plaintiff's income, but fails to explain how the Michigan *Child Support* Manual was applicable to the arbitrator's determination of *spousal support*.

[2] Defendant also contends that the arbitrator failed to provide "any calculation as to how this unfair and punitive spousal support amount was determined." But "[s]pousal support does not follow a strict formula[,]" *Loutts*, 298 Mich App at 30, and, again, we "will not engage in a review of [the] arbitrator's mental path leading to [the] award[,]" *Washington*, 283 Mich App at 672 (quotation marks and citations omitted, second alteration in *Washington*).

-4-

arbitrator that evade our review. *Washington*, 283 Mich App at 272. Defendant alleges no *legal* errors that would warrant relief. *Id.* Thus, the trial court did not err by refusing to vacate the arbitrator's spousal-support award.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel